Paul La Scala (SBN: 186939)
plascala@shb.com
Mayela C. Montenegro (SBN: 304471)
mmontenegro@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949-475-1500
Facsimile:   949-475-0016

Attorneys for Defendant
Pinnacle Foods Group, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL CLARDY and JENNIFER ROSE, individually, and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>PINNACLE FOODS GROUP, LLC., a New Jersey limited liability company,<br><br>   Defendant. | Case No. 3:16-cv-04385-JST<br><br>Judge:  Hon. Jon S. Tigar<br><br>**DEFENDANT PINNACLE FOODS GROUP, LLC'S MOTION TO TRANSFER THIS ACTION, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS**<br><br>[Filed concurrently with Declaration of Mayela C. Montenegro and [Proposed] Order]<br><br>Complaint Filed:  August 3, 2016<br><br><br>Date: December 8, 2016<br>Time: 2:00 p.m.<br>Ctrm.: 9 – 19th Floor<br>Judge:  Hon. Jon S. Tigar |

1

## NOTICE OF MOTION AND MOTION

2

PLEASE TAKE NOTICE that on December 8, 2016, at 2:00 p.m., or as soon

3 thereafter as the matter may be heard, in Courtroom 9, United States Courthouse, 450

4 Golden Gate Avenue, San Francisco, California 94102, Defendant Pinnacle Foods

5 Group, LLC will move the Court for an order to transfer this lawsuit to the U.S.

6 District Court, Southern District of Illinois, or in the alternative, to stay the instant

7 proceedings.

8

This motion is based on the doctrines of the first-to-file rule and primary

9 jurisdiction, both of which are exercised under the Court's discretion.  In addition, this

10 motion is based on this Notice of Motion and the Memorandum of Points and

11 Authorities filed concurrently herewith, along with the pleadings and documents on

12 file in this case, and such other evidence as may be presented at the hearing on this

13 motion.

14

15 Dated:  October 4, 2016               Respectfully submitted,

16                                        SHOOK, HARDY & BACON L.L.P.

17

18                                        By:  _/s/ Mayela C. Montenegro_

19                                             Paul La Scala
                                             Mayela C. Montenegro
20                                        Attorneys for Defendant
                                        Pinnacle Foods Group, LLC

21

22

23

24

25

26

27

28

DEFENDANT PINNACLE FOODS GROUP, LLC'S MOTION TO TRANSFER THIS ACTION,
OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS
Case No. 3:16-cv-04385-JST

1
2

# TABLE OF CONTENTS

3
I.    INTRODUCTION .......................................................................................1

4
II.   BACKGROUND ........................................................................................3

5
      A.    The First-Filed *Biffar* Action ....................................................3

6
      B.    The *Clardy* Action .....................................................................4

7
III.  LEGAL STANDARD .................................................................................4

8
      A.    Motion to Transfer ......................................................................4

9
      B.    Motion to Stay .............................................................................5

10
IV.   THE COURT SHOULD TRANSFER THIS ACTION UNDER THE FIRST-
11    TO-FILE RULE..........................................................................................5

12
      A.    *Biffar* Was Filed First..................................................................6

13
      B.    *Biffar* and *Clardy* Involve Substantially Similar Parties. ..........6

14
      C.    *Biffar* and *Clardy* Involve Substantially Similar Issues...........6

      D.    Transfer of This Action Would Promote Judicial Economy and
15          Fundamental Fairness................................................................7

16
V.    IN THE ALTERNATIVE, THIS COURT SHOULD STAY THIS ACTION.8

17
      A.    Staying This Action Under The First-To-File Rule.............................8

18
      B.    Staying This Action Under The Primary Jurisdiction Doctrine. ..........9

19
VI.   CONCLUSION ........................................................................................11
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ................................................................5

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ...............................................................9

*Biffar v. Pinnacle Foods Group LLC*,
   No. 3:16-cv-00873-DRH-SCW (S.D. Ill.)..................................1, 2, 3, 6, 7, 8, 12

*Hall v. Diamond Foods, Inc.*,
   No. C-14-2148 MMC, 2014 WL 3779012 (N.D. Cal. July 31, 2014)
   (Chesney, J.) .....................................................................................9

*Henry v. Home Depot U.S.A., Inc.*,
   No. 14-cv-04858-JST, 2016 WL 4538365 (N.D. Cal. Aug. 31, 2016)
   (Tigar, J.)......................................................................................2, 7

*In re KIND LLC "Healthy and All Natural" Litig.*,
   --- F. Supp. 3d ---, 2016 WL 4991471 (S.D.N.Y. Sept. 15, 2016)....................11

*Kane v. Chobani, LLC*,
   645 F. App'x 593 (9th Cir. 2016)........................................2, 3, 10, 11

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
   787 F.3d 1237 (9th Cir. 2015) .................................................5, 6, 8

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..........................................................................5

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098 (9th Cir. 2005) ............................................................5

*Maxwell v. Unilever United States, Inc.*,
   No. 5:12-CV-01736-EJD, 2016 WL 5110498 (N.D. Cal. Mar. 30, 2016)
   (Davila, J.) ......................................................................................11

*Ross v. U.S. Bank Nat. Ass'n*,
   542 F. Supp. 2d 1014 (N.D. Cal. 2008)..............................................6

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988)....................................................................................5

*Thornton v. Pinnacle Foods Group LLC*,
    No. 4:16-cv-00158-JAR (E.D. Mo.)......................................................3, 10, 11

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964)..............................................................................5

*Viggiano v. Johnson & Johnson*,
    No. CV 14-7250-DMG, 2016 WL 5110500 (C.D. Cal. June 21, 2016) ............11

STATUTES

28 U.S.C. § 1404(a) ....................................................................................5

California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*.............1

False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq* ..........................1

Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq* ...................................................................................................1

Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq* ........................1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Pinnacle Foods Group, LLC moves to transfer, or in the alternative, stay this putative class action on the grounds of the first-to-file rule and/or primary jurisdiction.

In this lawsuit, Plaintiffs Gail Clardy and Jennifer Rose allege that Pinnacle misrepresented the statements of "Real Ingredients" and "Nothing Artificial" on the packaging of certain foods, including: (1) Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix; (2) Duncan Hines Simple Mornings Triple Chocolate Chunk Premium Muffin Mix; (3) Duncan Hines Simple Mornings Apple Cinnamon Premium Muffin Mix; (4) Duncan Hines Simple Mornings Wild Maine Blueberry Premium Muffin Mix; and (5) Duncan Hines Simple Mornings Cinnamon Streusel Premium Muffin Mix (collectively, the "Products").  (ECF No. 1, Compl. ¶ 1.)

Representing a putative class of consumers in California and Florida, Plaintiffs allege violations of California and Florida consumer protection statutes, including the California Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*) ("CLRA"); False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) ("FAL"); Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) ("UCL"); and Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. §§ 501.201, *et seq.*) ("FDUTPA").

Pinnacle's motion to transfer or stay this action is based on three grounds:

(1)    This action should be transferred to the U.S. District Court, Southern District of Illinois under the first-to-file rule.  Another putative nationwide class action involving Pinnacle and substantially the same claims was filed in the U.S. District Court, Southern District of Illinois on August 2, 2016—the day before Plaintiffs filed this action.  *See Biffar v. Pinnacle Foods Group LLC*, No. 3:16-cv-00873-DRH-SCW.

Because *Biffar* was filed first and involves substantially the same parties and issues, it would be cost- and time-efficient for this Court to transfer this action so that it can join the *Biffar* proceedings.  As this Court recently recognized, the transfer of a case is appropriate to avoid duplication in litigation, promote judicial efficiency, and prevent inconsistent rulings and outcomes.  *See Henry v. Home Depot U.S.A., Inc.*, No. 14-cv-04858-JST, 2016 WL 4538365, at *4 (N.D. Cal. Aug. 31, 2016) (Tigar, J.).

(2)     Alternatively, this action should be stayed under the first-to-file rule.  A stay of these proceedings would allow *Biffar* to proceed, and prevent inconsistent rulings and outcomes on issues that are substantially similar in both lawsuits.

(3)     Alternatively, this action should be stayed under the primary jurisdiction doctrine.  Plaintiffs' claims against Pinnacle are based on the alleged misrepresentation that the Products essentially are all natural and do not contain synthetic or artificial ingredients.  As the U.S. Food & Drug Administration ("FDA") is currently evaluating the meaning of the term "natural" in food labeling, this Court should follow the Ninth Circuit's recent decision in a similar case and stay this action until the FDA reaches resolution on this potentially dispositive issue.  *See Kane v. Chobani, LLC*, 645 F. App'x 593, 594 (9th Cir. 2016) (remanding a case to the district court "for entry of an order staying proceedings until such time as the [FDA] completes its proceedings regarding the use of the term[] . . . 'natural' in food labeling").

Pinnacle respectfully requests the Court grant this motion.  Of the three options, transferring these proceedings to the U.S. District Court, Southern District of Illinois would be the most appropriate relief to further interests of comity and judicial efficiency.

## II.   **BACKGROUND**

### A.   **The First-Filed *Biffar* Action**

On August 2, 2016, plaintiff Diane Biffar commenced a civil action against Pinnacle in the U.S. District Court, Southern District of Illinois.  *See* Request for Judicial Notice ("RJN"), Ex. 1.  Plaintiff alleges that Pinnacle engaged in deceptive, unfair, and false practices regarding its food product Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix.  (*Id.* at ¶¶ 1, 16.)  The premise of Plaintiff's lawsuit is that Pinnacle allegedly represented the product as containing "Nothing Artificial" when it contains synthetic, artificial, and/or genetically modified ingredients.  (*Id.* at ¶¶ 2, 15-16, 25.)  Specifically, Plaintiff takes issue with the alleged ingredients monocalcium phosphate, xanthan gum, soy lecithin, and corn starch.  (*Id.* at ¶¶ 3, 4-5, 8-9.)  Plaintiff seeks to represent a nationwide class of consumers, and a class of Illinois residents, who purchased the product in the five years preceding the filing of the action.  (*Id.* at ¶ 37.)  The nationwide class is defined as follows:

> All citizens of all states other than Missouri[1] who purchased Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix for personal, household, or family purposes and not for resale in the five years preceding the filing of this Petition (the "Class Period")[.]

(*Id.*)  The definition for the Illinois class is identical to the nationwide class, but seeks to represent all citizens of Illinois.  (*Id.*)

Plaintiff asserts claims for the violation of the Illinois Consumer Fraud and Deceptive Business Practices Act on behalf of the Illinois class, and unjust enrichment and breach of express warranty on behalf of the nationwide class.

---

[1] On January 8, 2016, the first proposed class action was filed against Pinnacle regarding Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix.  This action was removed to the U.S. District Court, Eastern District of Missouri and is entitled *Thornton v. Pinnacle Foods Group LLC*, No. 4:16-cv-00158-JAR.  The *Thornton* plaintiff seeks certification of a class of Missouri consumers.

**B.     The *Clardy* Action**

On August 3, 2016, Plaintiffs Gail Clardy and Jennifer Rose filed this action. Here, Plaintiffs allege that Pinnacle "has unlawfully, negligently, unfairly, misleadingly, and deceptively represented" that its Products contain "Real Ingredients" and "Nothing Artificial" when they allegedly contain "synthetic, artificial, and/or genetically modified" ingredients.  (Compl. ¶¶ 1, 21.)  Specifically, Plaintiffs take issue with the following ingredients: "monocalcium phosphate, xanthan gum, soy lecithin, palm oil, and/or corn starch."  (*Id.* at ¶¶ 1, 29-30, 32.)  According to Plaintiffs, the statements on the packaging are false, deceptive and likely to mislead reasonable consumers.  (*Id.* at ¶¶ 2, 6-7, 21-22.)

Plaintiff Clardy is a citizen of California and Plaintiff Rose is a citizen of Florida.  (*Id.* at ¶¶ 15-16.)  Together, they seek to represent a nationwide and two statewide classes of consumers.  The nationwide class is defined as follows:

> [A]ll United States residents who purchased the Product, for personal use and not resale, during the four-year period preceding to the date of the filing of this Complaint, through and to the date Notice is provided to the Class.

(*Id.* at ¶ 81(a).)  The definitions for the California and Florida classes are identical to the nationwide class, but they seek to represent all residents from California and Florida, respectively.  (*Id.* at ¶ 81(b).)  Plaintiffs assert claims under the consumer protection statutes of California and Florida.

## III.  LEGAL STANDARD

### A.     Motion to Transfer

Under federal law, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" for the convenience of the parties and witnesses,

1  and in the interest of justice.  28 U.S.C. § 1404(a).  "[T]he purpose of the section is to

2  prevent the waste of time, energy and money and to protect litigants, witnesses and the

3  public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376

4  U.S. 612, 616 (1964).  The district court has discretion to adjudicate motions for

5  transfer, and consider factors specific to the case.  *Stewart Org., Inc. v. Ricoh Corp.*,

6  487 U.S. 22, 29 (1988).

7          **B.     Motion to Stay**

8          "[T]he power to stay proceedings is incidental to the power inherent in every

9  court to control the disposition of the causes on its docket with economy of time and

10  effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248,

11  254 (1936).  In considering whether to grant a stay, the court must consider and weigh

12  competing interests including possible hardship or inequity suffered by a party, as

13  well as the "orderly course of justice measured in terms of the simplifying or

14  complicating of issues, proof, and questions of law which could be expected to result

15  from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

16

17  **IV.    THE COURT SHOULD TRANSFER THIS ACTION UNDER THE**

18          **FIRST-TO-FILE RULE.**

19          This Court should transfer this action to the U.S. District Court, Southern

20  District of Illinois under the first-to-file rule.  The first-to-file rule "allows a district

21  court to transfer, stay, or dismiss an action when a similar complaint has already been

22  filed in another federal court."  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622,

23  623 (9th Cir. 1991).  The rule applies when "a similar case with substantially similar

24  issues and parties was previously filed in another district court."  *Kohn Law Grp., Inc.*

25  *v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  Three factors are

26  analyzed under the first-to-file rule: chronology of the lawsuits, similarity of the

27  parties involved, and similarity of the issues at stake.  *Id.*  Here, a transfer of this

28
                                                5

action to the Southern District of Illinois is appropriate because *Biffar* was filed first and there is substantial similarity between the parties and issues.

### A.   *Biffar* Was Filed First.

The first factor favors application of the rule.  *Biffar* was filed on August 2, 2016—the day before *Clardy* was filed.  Therefore, *Biffar* is the first-filed action.

### B.   *Biffar* and *Clardy* Involve Substantially Similar Parties.

The similarity of the parties also favors deferring to the first-filed action.  The Ninth Circuit has determined that "the first-to-file rule does not require exact identity of the parties."  *Kohn Law Grp., Inc.,* 787 F.3d at 1240.  "Rather, the first-to-file rule requires only substantial similarity of parties."  *Id*.  As to defendants, this requirement is easily satisfied as Pinnacle is the only named defendant in both actions.  And while the named plaintiff in each case is different, courts look to the purported classes, not the named plaintiffs.  *See Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) ("In a class action, the classes, and not the class representatives, are compared.")  Both *Biffar* and *Clardy* seek certification of substantially the same nationwide class of consumers who purchased a muffin mix bearing the "Nothing Artificial" representation on the packaging.  In addition, the five-year class period in *Biffar* encompasses the four-year class period in *Clardy*.  Therefore, both lawsuits involve substantially similar parties.

### C.   *Biffar* and *Clardy* Involve Substantially Similar Issues.

The last factor also supports a transfer of *Clardy*.  As with the parties, the issues in both actions "need not be identical, only substantially similar."  *Kohn Law Grp., Inc.*, 787 F.3d at 1240.  "To determine whether two suits involve substantially similar issues, [courts] look at whether there is 'substantial overlap' between the two suits."  *Id*. at 1241.  Here, the complaints in *Biffar* and *Clardy* plead substantially similar facts involving Pinnacle's alleged misrepresentation of the "Nothing Artificial" statement, the plaintiffs' purchases of a muffin mix in reliance on the alleged misrepresentation,

the alleged presence of synthetic and artificial ingredients, and the resulting monetary loss.  The plaintiffs in both actions allege violations of state consumer protection statutes and both actions are based on the same alleged misconduct.  Further, both actions seek certification of a nationwide class.  As such, if certified, both would potentially involve the laws of all fifty states.  Lastly, both *Biffar* and *Clardy* seek substantially the same relief, which includes damages, equitable relief, and attorneys' fees and costs.  In sum, both lawsuits involve substantially similar issues.

### D.   Transfer of This Action Would Promote Judicial Economy and Fundamental Fairness.

This Court recently recognized that transfer promotes "the underlying efficiency rationale of the first-to-file rule by conserving judicial resources and preventing duplicative litigation."  *Henry,* 2016 WL 4538365, at *4.  It noted that the "potential efficiency gains are particularly heightened where, as here, the class actions involve overlapping claims and class periods."  *Id*.  This Court further acknowledged that "it is inefficient and impractical to have two overlapping class actions proceed individually in two separate courts," as "[s]uch a result would waste judicial resources, require duplicative efforts by both parties, and potentially frustrate class members' rights."  *Id*. at *5.

As in *Henry*, applying the first-to-file rule here will foster judicial economy and fundamental fairness.  Another federal court is hearing a putative nationwide class action that includes the putative class members in this matter.  As such, there is no reason for this Court to expend its valuable resources by proceeding with this case.  To do so is not only potentially wasteful, but also contrary to the notion that a putative class action is intended to prosecute the claims of absent class members.  Because the allegations in both actions are substantially similar, applying the first-to-file rule also will eliminate duplicative discovery and motion practice.  With the filing of a motion to dismiss in this action today, Pinnacle has now filed motions to dismiss in both the

1   *Biffar* and instant actions.  *See* RJN, Ex. 2.  A transfer of this case would prevent

2   inconsistent pretrial rulings, outcomes and findings between the two actions, save

3   valuable judicial resources, conserve the resources of the parties, and allow Pinnacle

4   to defend itself against all claims involving the Products at issue and alleged

5   misconduct in one lawsuit.  Indeed, given the substantial similarity in these two

6   complaints, it would be fundamentally unfair to require Pinnacle to defend itself in

7   two overlapping putative nationwide class actions in two different federal courts

8   nearly 2,000 miles apart.  In addition, Plaintiffs and the putative class they seek to

9   represent will not be prejudiced by a transfer of this action as their rights are being

10  adjudicated in *Biffar.*

11          For these reasons, Pinnacle requests the Court transfer this action to the U.S.

12  District Court, Southern District of Illinois under the first-to-file rule.

13

14  **V.      IN THE ALTERNATIVE, THIS COURT SHOULD STAY THIS**

15  **ACTION.**

16          Alternatively, this Court can stay this action under one of two grounds: the first-

17  to-file rule or primary jurisdiction.

18          **A.      Staying This Action Under The First-To-File Rule.**

19          The first-to-file rule also allows a "district court to stay proceedings if a similar

20  case with substantially similar issues and parties was previously filed in another

21  district court."  *Kohn Law Grp., Inc.*, 787 F.3d at 1239.  Should the Court find a

22  transfer of this action to be inappropriate, the Court can alternatively stay this action

23  and allow *Biffar* to proceed and adjudicate the claims asserted here, in order to avoid

24  inconsistent outcomes and rulings.  As discussed above, the first-to-file rule applies in

25  this instance because *Biffar* was filed first, and both the *Biffar* and instant actions

26  involve substantially similar parties and issues.

27

28

1     **B.**     **Staying This Action Under The Primary Jurisdiction Doctrine.**

2       Another ground for staying this action is the primary jurisdiction doctrine, on

3 the basis that the FDA is currently evaluating and exploring the definition of the term

4 "natural" with respect to food labeling.  Under the primary jurisdiction doctrine, the

5 court determines "that an otherwise cognizable claim implicates technical and policy

6 questions that should be addressed in the first instance by the agency with regulatory

7 authority over the relevant industry rather than by the judicial branch." *Astiana v.*

8 *Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015).  In evaluating primary

9 jurisdiction, courts consider "(1) the need to resolve an issue that (2) has been placed

10 by Congress within the jurisdiction of an administrative body having regulatory

11 authority (3) pursuant to a statute that subjects an industry or activity to a

12 comprehensive regulatory authority that (4) requires expertise or uniformity in

13 administration." *Id.*  Each of these factors favors a stay here.

14       The FDA "is responsible for assuring that foods sold in the United States are

15 safe, wholesome and properly labeled."  FDA, Food Labeling Guide (last updated

16 Aug. 3, 2016),

17 http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInform

18 ation/LabelingNutrition/ucm2006828.htm#background.  The federal laws governing

19 food products under FDA's jurisdiction are the Federal Food, Drug, and Cosmetic

20 Act, as well as the Fair Packaging and Labeling Act.  *Id.*  It, therefore, cannot be

21 disputed that the FDA is the regulatory agency overseeing food product labeling.

22       Plaintiffs challenge the phrases "Real Ingredients" and "Nothing Artificial" on

23 the packaging of the Products at issue, but this lawsuit is, in essence, about whether

24 the ingredients in the Products are "natural."  *See Hall v. Diamond Foods, Inc.*, No. C-

25 14-2148 MMC, 2014 WL 3779012, at *3 (N.D. Cal. July 31, 2014) (Chesney, J.)

26 (finding that plaintiff's allegations of "absolutely nothing artificial" and "Real food

27 ingredients" constitute statements that the product is "all natural").  This is precisely

28

1    the question currently before FDA.  Indeed, in November 2015, FDA requested

2    comments on the use of the term "natural" in food labeling.  *See* FDA, FDA Requests

3    Comments on Use of the Term "Natural" on Food Labeling (last updated Dec. 24,

4    2015), http://www.fda.gov/Food/NewsEvents/ConstituentUpdates/ucm471919.htm.

5    The comment period ran through May 2016.  *Id.*  In response, the FDA received 7,690

6    comments on the issue.  *See* FDA, Use of the Term "Natural" in the Labeling of

7    Human Food Products, http://www.regulations.gov/docket?D=FDA-2014-N-1207.

8         Because FDA is currently evaluating this issue, it would be appropriate for this

9    Court to stay this action until FDA makes its determinations regarding the use of the

10   term "natural."  Recently, the Ninth Circuit remanded a case to the district court "for

11   entry of an order staying proceedings until such time as the [FDA] completes its

12   proceedings regarding the use of the term[] . . . 'natural' in food labeling."  *Kane*, 645

13   F. App'x at 594-95.  The Ninth Circuit stated that "[t]he delineation of the scope and

14   permissible usage of the term[] 'natural' . . . in connection with food products

15   implicates technical and policy questions that should be addressed in the first instance

16   by the agency with regulatory authority over the relevant industry rather than by the

17   judicial branch . . . . Given the ongoing FDA proceedings regarding the term

18   'natural[,]' . . . we conclude that resolution of this action will not be needlessly

19   delayed and that judicial resources will be conserved by staying these proceedings."

20   *Id.* at 594.

21        Recognizing FDA's current examination of the term "natural," another federal

22   court in the Eastern District of Missouri evaluating a nearly identical class action

23   against Pinnacle recently stayed the action pending FDA's determinations regarding

24   the term "natural" in food labeling.  In the first proposed class action filed against

25   Pinnacle regarding Duncan Hines Simple Mornings Blueberry Streusel Premium

26   Muffin Mix, *Thornton v. Pinnacle Foods Group, LLC*, No. 4:16-cv-00158-JAR (E.D.

27   Mo.), plaintiffs made similar allegations regarding the term "nothing artificial."  *See*

28

DEFENDANT PINNACLE FOODS GROUP, LLC'S MOTION TO TRANSFER THIS ACTION,
OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS
Case No. 3:16-cv-04385-JST

RJN, Ex. 3, Compl.  The court in *Thornton* granted Pinnacle's motion to stay on the grounds that FDA uses the concepts "natural" and "artificial" interchangeably, and therefore, the FDA's interpretation of "natural" will necessarily inform the definition of "artificial."  *See* RJN, Ex. 4.  Other federal district courts have likewise stayed actions pending FDA's determination.  *See Maxwell v. Unilever United States, Inc.*, No. 5:12-CV-01736-EJD, 2016 WL 5110498, at *1 (N.D. Cal. Mar. 30, 2016) (Davila, J.) (staying the action under the primary jurisdiction doctrine until FDA completes its proceedings regarding the use of the term "natural"); *Viggiano v. Johnson & Johnson*, No. CV 14-7250-DMG (MRWx), 2016 WL 5110500, at *2-3 (C.D. Cal. June 21, 2016) (granting defendants' motion to stay pending resolution of FDA's proceedings regarding the use of the term "natural") (collecting cases); *In re KIND LLC "Healthy and All Natural" Litig.*, --- F. Supp. 3d ---, 2016 WL 4991471, at *5 (S.D.N.Y. Sept. 15, 2016) (staying an "all natural" case because "the FDA seems to be prepared to address core issues in this case, including what types of processed foods may be labeled 'natural[,]'" and a stay pending FDA's guidance "would almost certainly help harmonize court rulings").

Given the Ninth Circuit's decision in *Kane v. Chobani*, and the recent decision in the *Thornton* action that is nearly identical to the instant action involving Pinnacle, this Court can stay these proceedings under the primary jurisdiction doctrine since FDA's determination will directly impact the outcome of this case.

## VI.   **CONCLUSION**

Based on the foregoing, Pinnacle respectfully requests the Court transfer this action under the first-to-file rule to the U.S. District Court, Southern District of Illinois, so this action can be consolidated with *Biffar*.  Should the Court find transfer inappropriate, Pinnacle requests the Court stay this action under the first-to-file rule or

1    primary jurisdiction doctrine until the FDA has concluded its proceedings regarding

2    the meaning of the term "natural."

3

4    Dated:  October 4, 2016                          Respectfully submitted,

5                                                     SHOOK, HARDY & BACON L.L.P.

6

7                                            By:  _/s/ Mayela C. Montenegro_

8                                                     Paul La Scala
                                                      Mayela C. Montenegro
9                                                 Attorneys for Defendant
                                                  Pinnacle Foods Group, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28