1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   GAIL CLARDY, et al.,                    Case No. 16-cv-04385-JST

8                  Plaintiffs,              **ORDER GRANTING DEFENDANT
                                            PINNACLE FOODS GROUP, LLC'S**
9         v.                                **MOTION TO STAY PROCEEDINGS
                                            AND DENYING MOTION TO DISMISS**
10  PINNACLE FOODS GROUP, LLC,              **AS MOOT**

11                 Defendant.               Re: ECF Nos. 13, 16

12

13        Before the Court is Defendant Pinnacle Foods Group, LLC's Motion to Transfer this

14  Action or, in the Alternative, to Stay Proceedings,  ECF No. 13, as well as Pinnacle's Motion to

15  Dismiss, ECF No. 16.  Because an earlier-filed putative class action in Illinois involves the same

16  Defendant, overlapping putative classes, and substantially similar issues, the Court will grant the

17  Motion to Stay pending a decision on class certification in the earlier lawsuit, and deny the motion

18  to dismiss as moot.

19  **I.       BACKGROUND**

20       **A.       Facts and Procedural History**

21        This case involves two potentially overlapping class actions against Defendant.  On August

22  2, 2016, Diane Biffar filed a class action against Defendant in the Southern District of Illinois

23  ("the Biffar action").  The Biffar action alleges that Defendant engaged in "deceptive, unfair, and

24  false practices regarding its Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin

25  Mix." ECF No. 15-1 at 2.  Specifically, Biffar alleges "Defendant prominently represents that the

26  Product contains 'Nothing Artificial,'" when, in fact, the product "contains synthetic, artificial,

27  and/or genetically modified ingredients."  Id.  Consequently, Biffar argues "Defendant is able to

28  entice consumers like [Biffar] to pay a premium for the Product" because "[n]either [Biffar] nor

United States District Court
Northern District of California

any reasonable consumer would expect to find artificial, synthetic, and/or GMO ingredients in a product labeled as containing 'Nothing Artificial.'" Id. at 6-7. The Biffar action is brought on behalf of two classes: (1) the Illinois Class and (2) the Nationwide Class. Id. at 8. The Nationwide Class consists of "[a]ll citizens of all states other than Missouri[1] who purchased [the Product] for personal, household, or family purposes and not for resale in the five years preceding the filing of [the] Petition." Id. It does not appear the Southern District of Illinois has determined whether to certify a class in the Biffar action.

Plaintiffs Gail Clardy and Jennifer Rose (collectively, "Plaintiffs") filed the instant action ("the Clardy action") on August 3, 2016, one day after the Biffar action was filed. Plaintiff Clardy resides in California and Plaintiff Rose resides in Florida. The Clardy action alleges "Defendant has unlawfully, negligently, unfairly, misleadingly, and deceptively represented that its . . . Duncan Hines Simple Mornings Blueberry Streusel Premium Muffin Mix [and other products] contain[] 'Real Ingredients' and 'Nothing Artificial,' despite containing unnatural ingredients that are synthetic, artificial, and/or genetically modified." ECF No. 1 at 2. The Clardy action further alleges "Defendant made the deceptive presentations and omissions on the Product with the intent to induce Plaintiff[s'] and other Class members' purchase of the Product" knowing that "consumers would pay a premium for 'Real Ingredients' and 'Nothing Artificial' labeled products over comparable products that are not [similarly labeled]." Id. at 13. The Clardy action is brought on behalf of three classes: (1) a California Class; (2) a Florida Class; and (3) a Nationwide Class. Id. at 18. The Nationwide Class consists of "all United States residents who purchased the Product, for personal use and not resale, during the four-year period preceding to the date of the filing of this Complaint, through and to the date Notice is provided to the Class." Id.

Defendant now moves to transfer this action under the first-to-file rule or, in the alternative, to stay this action under either the first-to-file rule or the primary jurisdiction doctrine. See ECF No. 13. Defendant has also filed a separate Motion to Dismiss. See ECF No. 16.

---

[1] Another class action against Defendant is pending in the Eastern District of Missouri. See Thornton v. Pinnacle Foods Group, LLC, No. 4:16-cv-00158-JAR; see also ECF No. 13 at 8 n.1. The Plaintiff in Thornton is seeking class certification on behalf of Missouri consumers only.

United States District Court
Northern District of California

Plaintiffs oppose both motions.  See ECF Nos. 19 and 21.

### B.    Request for Judicial Notice

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Court may properly take judicial notice of materials attached to the complaint and of matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).  The Court takes judicial notice, however, only of the existence of the document, not of the allegations or legal conclusions asserted in it.  See Lee, 250 F.3d at 689-90.

Defendant asks this Court to take judicial notice of a copy of the complaint from the Biffar action, a copy of Defendant's motion to dismiss from the Biffar action, a copy of the complaint filed in another action involving similar claims against Defendant filed in the Eastern District of Missouri, as well as that court's order granting Defendant's motion to stay pending the FDA's current evaluation of the definition of "natural" with respect to food labeling.  See ECF No. 15. Plaintiffs do not oppose Defendant's request for judicial notice.  Because a court "may take judicial notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue," Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007), the Court grants Defendant's request in its entirety.

## II.    LEGAL STANDARD

### A.    Motion to Transfer & First-to-File Rule

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any other district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The purpose of section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  The district court has the

United States District Court
Northern District of California

1    broad discretion "to adjudicate motions to transfer according to an 'individualized, case-by-case

2    consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29

3    (1988) (quoting Van Dusen, 376 U.S. at 622).

4         The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a

5    similar complaint has already been filed in another federal court." Alltrade, Inc. v. Uniweld Prod.,

6    Inc., 946 F.2d 622, 623 (9th Cir. 1991). A district court examines three factors in deciding

7    whether to apply the rule: the chronology of the two actions, the identity of the parties involved,

8    and the similarity of the issues at stake. Id. at 625. In a class action, the court compares the

9    classes, and not the class representatives. Ross v. U.S. Bank Nat. Ass'n, 542 F. Supp. 2d 1014,

10   1020 (N.D. Cal. 2008). The purpose of the well-established first-to-file rule "is to promote

11   efficiency and to avoid duplicative litigation and thus it should not be lightly disregarded."

12   Inherent.com v. Martindale-Hubbell, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006) (citing Alltrade,

13   Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 625 (9th Cir. 1991)). The rule is "not a rigid or

14   inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of

15   sound judicial administration." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th

16   Cir. 1982). The district court retains "[a]n ample degree of discretion" so it can apply the benefit

17   of its judicial experience. Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S.

18   180, 183-84 (1952).

19        **B.    Motion to Stay**

20        A court's "power to stay proceedings is incidental to the power inherent in every court to

21   control the disposition of the causes on its docket with economy of time and effort for itself, for

22   counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "[T]he district court

23   may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending

24   resolution of the previously filed action, to enjoin the parties from proceeding with it, or to

25   consolidate both actions." Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir.

26   2007). This discretionary rule also applies to class actions. See Plack v. Cypress Semiconductor,

27   864 F. Supp. 957, 959 (N.D. Cal. 1994). In deciding whether to stay proceedings, a district court

28   must weigh various competing interests, including the possible damage which may result from

United States District Court
Northern District of California

granting a stay, the hardship a party may suffer if the case is allowed to go forward, and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).  The burden is on the movant to show that a stay is appropriate.  See Clinton v. Jones, 520 U.S. 681, 708 (1997).

**III.    ANALYSIS**

    **A.    Motion to Transfer**

    The first factor is clearly present, because the Biffar action was filed first.  See ECF No. 19 at 9; ECF No. 22 at 7.

    The second factor, similarity of issues, is also present.  Plaintiffs' arguments to the contrary are unpersuasive.  Plaintiffs argue the issues are not substantially similar because while the Biffar action asserts causes of action under Illinois' consumer protection laws as well as claims for unjust enrichment and breach of express warranty, the Clardy action does not assert these same causes of action and, in fact, asserts different causes of action under California's and Florida's respective consumer protection laws.  ECF No. 19 at 11.  The Ninth Circuit has held, however, that "[t]he issues in both cases . . . need not be identical, only substantially similar." Kohn, 787 F.3d at 1240.  Thus, this Court is instructed to "look at whether there is 'substantial overlap' between the two suits."  Id. at 1241.  Here, the Clardy and Biffar actions substantially overlap, because both actions allege that Defendant misrepresented the ingredients contained in the products at issue by labeling the boxes they are sold in with either "Real Ingredients" or "Nothing Artificial," even though Defendant knew that artificial and/or unnatural ingredients were used.  Both cases are proceeding on similar, although not identical, consumer protection theories of relief.  The Court finds the substantial similarity of issues requirement is met.

    Analyzing the third factor, similarity of parties, is slightly more complicated.  The parties in both cases need not be identical, only substantially similar, id. at 1240, and, in a class action, the court compares the classes, not the class representatives.  Ross, 542 F. Supp. 2d at 1020.  In neither lawsuit, however, has the court determined the question of class certification.  While the plaintiff in Biffar – like the plaintiff here – proposes a nationwide class, class certification has not

been granted or denied.  The Illinois district court might certify a nationwide class, certify a class or classes only within certain states, or deny certification altogether.  It is therefore impossible for the Court to evaluate at this juncture whether the classes are substantially similar.

To copy a page from the court's analysis in <u>Moreno v. Castlerock Farming and Transport</u>:

> If the class in [the <u>Biffar</u> action] is certified as narrow, then the [<u>Clardy</u>] Plaintiffs can move forward to represent all other [class members].  Indeed, all pre-class certification discovery received by [<u>Biffar</u>] could be directly given to the [<u>Clardy</u>] Plaintiffs to save time and effort . . . .  If the class certified in [the <u>Biffar</u> action] is wide, then [the <u>Clardy</u> action] would probably be considered duplicative and subject to dismissal [or transfer].  If class certification is denied for some other reason not having to do with [<u>Biffar</u>'s] status, then [the <u>Clardy</u> action] may or may not be able to proceed depending upon the specific circumstance . . . .  This is a determination that cannot yet be made.  A stay in [the <u>Clardy</u> action] pending class certification in [the <u>Biffar</u> action] would appear to be the equitable solution.

No. CIV-F-12-0556 AWI JLT, 2013 WL 1326496, at *2 (E.D. Cal. Mar. 29, 2013).  Because a class has not yet been certified in the <u>Biffar</u> action, the Court concludes it is not appropriate to transfer the <u>Clardy</u> action at this time.  As did the court in <u>Moreno</u>, this Court will stay these proceedings pending class certification in the <u>Biffar</u> action.

**B.      Motion to Stay**

While transfer is not appropriate on these facts, a stay is.  Plaintiffs will not be prejudiced by a stay, but Defendant will suffer hardship and inequity if this action is not stayed.  Given the similarity of issues presented by both actions, proceeding with the <u>Clardy</u> action while the <u>Biffar</u> action awaits class certification will not promote efficiency, will not conserve judicial resources, and may produce conflicting opinions.  In addition, as the Sixth Circuit recently explained, "[l]itigating a class action requires both the parties and the court to expend substantial resources" and "the most important purpose of the first-to-file rule is to conserve these resources by limiting duplicative cases."  <u>Baatz v. Columbia Gas Transmission, LLC</u>, 814 F.3d 785, 791 (6th Cir. 2016).  These potential efficiency gains are particularly heightened where, as here, the class actions involve overlapping claims and class periods.  <u>See e.g.</u>, <u>Hill v. Robert's Am. Gourmet Food, LLC</u>, No. 13-CV-00696-YGR, 2013 WL 3476801, at *5 (N.D. Cal. July 10, 2013) (holding that

United States District Court
Northern District of California

"[s]ignificant judicial efficiency [would] be gained and conservation of resources achieved" by applying the first-to-file rule where two class actions involved overlapping claims and class periods and were at the same stage of litigation).  Consequently, this Court will stay these proceedings.

In light of the Court's order staying the case, Defendant's Motion to Dismiss is denied without prejudice as moot.  Defendant may refile that motion if and when litigation of the <u>Clardy</u> action resumes.

## CONCLUSION

The Motion to Transfer or Stay is GRANTED IN PART and the <u>Clardy</u> action is stayed pending a determination of class certification, settlement, or entry of judgment in the <u>Clardy</u> action.  Within ten court days of any of the foregoing events, the parties are ordered to file an Updated Joint Case Management Statement and a written request that the Court set a Case Management Conference.  In addition, the parties are also ordered to file a status report, describing the status of the <u>Biffar</u> action, on the third Monday of each July and January.

IT IS SO ORDERED.

Dated:  January 5, 2017

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California